CAMPBELL, Judge.
Jeffrey Allen, Inc., on July 17, 1978, leased sixty-five golf carts to John and Joann Cleland through their corporation, Sunrise Golf Club, Inc., which operated a golf course. Later, having experienced financial difficulties, Sunrise contracted to sell the golf course, along with all personal property useable in its operation, to Longboat Terrace Corporation. A list of leased equipment, which included the golf carts, was attached to the sales contract.
In September, 1979, Longboat and the Elha Development Corporation began managing the golf course because of bankruptcy proceedings against Sunrise. Longboat and Elha made payments under the golf cart lease until December, 1979, and they agreed to pay for the use of the carts at the lease price until the carts could be replaced. After replacing the carts, they notified Jeffrey Allen, Inc., who then removed its carts.
Jeffrey Allen, Inc. then sued Longboat, Elha, the Clelands, and Sunrise for damages, seeking recovery of the remaining rent, plus repair and replacement costs. The lease was for a period of thirty-six months. At the end of the lease period, all interest in the golf carts reverted to Jeffrey Allen, Inc., and the lessees retained no interest therein. After a nonjury trial, the court entered judgment against Longboat and Elha for $58,321.60, finding that the *293 defendants had assumed the lease. Longboat and Elha then sought a rehearing which the trial judge granted. His amended final judgment reflected a judgment against Longboat, Elha, the Clelands, and Sunrise for $32,921.21. He granted indemnity for Sunrise and the Clelands against Longboat and Elha.
Jeffrey Allen, Inc. sought still another rehearing on May 10, 1982, on the damages assessment, but before the court heard that motion, Longboat and Elha filed a notice of appeal. Nevertheless, the trial judge heard the rehearing motion and then amended the final judgment as to damages for a second time, entering judgment for $38,001.60. Longboat and Elha appealed the finding of an assumption of the lease, and Jeffrey Allen," Inc. cross-appealed the damages award.
Upon review, we have first concluded that there is sufficient evidence to support an assumption of the lease by Elha and Longboat, and we will not overturn that finding.
Regarding the damages issue, the calculations which follow will demonstrate that the trial judge did not err in his assessment of damages. The final judgment figure of $58,321.60 was reached in the following way:

In the amended final judgment, the trial judge properly determined that the overhead costs had been improperly deducted from the sale proceeds in determining the lessee’s credit. This is because the overhead costs would have been incurred by the lessor in order to realize that $26,000 residual value at the end of the lease term. However, in attempting to correct the final judgment to remove the $10,160 of overhead cost, the amended final judgment reflected a correction totaling $25,400.39, which reduced the judgment to $32,921.21. We are unable, upon examination, to determine the precise calculation by which this figure was reached.
The court then, apparently realizing the miscalculation, amended the final judgment a second time in an attempt to recite the correct figure for damages. The second amended final judgment was entered on June 25,1982. Despite the filing of a notice of appeal to this court on June 4,1982, this second amended final judgment was a timely reconsideration pursuant to rule 1.540, Florida Rules of Civil Procedure. That rule provides that a judgment may be corrected during the pendency of an appeal if done before the docketing of the record on appeal.
The trial judge realized that to reach a correct and final figure for damages, he had to completely eliminate the effect of the overhead expenses. To do this, he had to deduct them from the damages award because they were originally added as an element of damages. This subtraction of $10,160 from $58,321.60 yields a figure of $48,161.60. The overhead was then deducted again, this time because these costs would have been necessary to realize the $26,000 residual value of the carts at the end of the lease term that was also listed as an element of damages. Deducting $10,160 from $48,161.60 yields a judgment of $38,001.60, which the trial judge properly found as the amount of damages in the second amended final judgment.
We note finally that both parties in their briefs and at oral argument expressed differences with the trial judge’s final result. Because we were without a record of any of the factors considered prior to the entry of the second amended final judgment, we, too, at first shared the same confusion following a cursory examination of the figures involved. However, having examined the transcript below and having recognized the proper elements of damages in this case, we *294 conclude that the trial judge did not err, and we, therefore, affirm on all points.
SCHEB, Acting C.J., and LEHAN, J., concur.